IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT COATES, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-2142-HLT-ADM |
| | ) |
| ASHLEY BUILDING CORPORATION, | ) |
| INC.; ASHLEY CLINIC, LLC; AND | ) |
| ASHLEY CLINIC BUILDING, LLC; | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Scott Coates's Third Amended Complaint (ECF 32) alleges that he was formerly a practicing physician at the Ashley Clinic in Chanute, Kansas, from 2001 to 2019. While there, he purchased stock in defendant Ashley Building Corporation, Inc. and membership interests in defendants Ashley Clinic Building, LLC and Ashley Clinic, LLC (collectively, "defendants" or "the Ashley defendants"). In August of 2019, he left the practice and exited all three of the defendant entities. Thereafter, a dispute arose about his buyout, so Coates filed this declaratory-judgment action seeking a determination of his rights and status under his contracts with the Ashley defendants. This matter is now before the court on defendants' Motion to Stay Discovery. (ECF 39.) By way of this motion, defendants ask the court to stay discovery until the court rules their pending motion to dismiss. In response, Coates filed a Cross-Motion for Limited Stay and Expedited Proceedings on Count III (ECF 45), in which he agrees that discovery and related Rule 26 activities should be stayed except for as to Count III of his Third Amended Complaint. That count seeks a declaratory judgment of the status of his ownership interest in defendant Ashley Clinic Building, LLC. Coates's cross-motion seeks expedited discovery on Count III and

expedited resolution via a bench trial. For the reasons stated below, the court grants the Ashley defendants' motion to stay and denies Coates's cross-motion to the extent that it seeks an exception to allow discovery to proceed on Count III. Coates's cross-motion remains pending for decision by the presiding district judge to the extent it requests an expedited bench trial and resolution of Count III.

**I.      BACKGROUND**

Key to the court's resolution of the current motions is the grounds for the Ashley defendants' motion to dismiss—specifically, the aspect of the motion that asks the court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. To that end, a brief recap of the procedural history and current procedural posture surrounding this issue is in order.

When Coates filed this action, he invoked this court's diversity jurisdiction under 28 U.S.C. § 1332. Shortly thereafter, the court analyzed Coates's jurisdictional allegations and ordered him to show cause why the court should not recommend that the district judge dismiss the case for lack of subject matter jurisdiction because Coates's complaint did not allege facts sufficient to establish complete diversity of citizenship. (ECF 4.) Coates then filed an amended complaint and responded to the order to show cause, explaining that there is complete diversity because he resides in and is domiciled in Missouri; defendant Ashley Building Corporation, Inc. is incorporated in Kansas; the members of the Ashley LLC defendants all reside in and are domiciled in Kansas; and all of the Ashley defendants have their principal place of business in Chanute. (ECF 7, 8.) Based on these allegations, the court found that Coates had sufficiently alleged that the parties are completely diverse for subject-matter jurisdiction purposes. (ECF 9.)

The Ashley defendants then filed a motion to dismiss. (ECF 15.) In response, Coates filed a second amended complaint that sought to rectify some of the pleading deficiencies identified in the motion to dismiss, including clarifying the factual allegations related to his resignation from Ashley Clinic and the status of his ownership in the defendant entities. (ECF 20-23.) This second amended complaint mooted the defendants' first motion to dismiss. (ECF 24.)

The Ashley defendants then filed another motion to dismiss. (ECF 25.) Coates once again responded by seeking to file a third amended complaint because, by that time, the parties had exchanged information that changed the landscape of the parties' dispute. Specifically, Coates had come to learn that the dispute between the parties was not just about calculating the appropriate amount of the Ashley defendants' payments to him. By that time, it had become clear that "the dispute is over the fundamental question of ownership of the subject entities and whether the defendant entities are presently in breach of the LLC Operating Agreements or bylaws" because Coates "is still an owner of the Ashley Clinic Building, LLC and the Ashley Building Corporation, Inc." (ECF 30 ¶ 6.) If true, this would destroy diversity jurisdiction because, on the plaintiff side of the "v.," Coates is a resident of Missouri and is domiciled there and, on the defendant side of the "v.," Coates would also be a member of Ashley Clinic Building, LLC. So Coates's third amended complaint aimed to plead around this jurisdictional defect by alleging that his status as a member of Ashley Clinic Building, LLC "is unclear at this time as he has seen no record of the transfer, cancellation, or other disposition of his interest in the LLC" and to add a qualifier that the "reported" members of the Ashley LLC defendants (*i.e.*, not Coates) all reside in and are domiciled in Kansas. (ECF 30-2 ¶¶ 10, 12, 13, 24.) In Count III, Coates alleges that he "owned and, on information and belief, *still may own* a Member interest in Ashley Clinic Building, LLC" and therefore he seeks a declaration resolving the parties' dispute about his member interest, ownership

3

status, and related contractual rights in Ashley Clinic Building, LLC. (*Id.* ¶¶ 55-60.) Count V, which is asserted in the alternative in the event Coates is declared to no longer be a member of Ashley Clinic Building, LLC, asserts a claim against the LLC for breach of the Operating Agreement essentially because termination of his ownership triggered the LLC's obligation to pay him fair market value for his interest in the LLC. (*Id.* ¶¶ 67-72.)

On August 3, 2023, the court convened a scheduling conference and entered a scheduling order. (ECF 36.) At the time, the parties raised the possibility of a stay in view of a forthcoming motion to dismiss for lack of subject-matter jurisdiction. The court advised the parties that, if they wanted a stay, they would need to file the appropriate motions.

Later that day, defendants filed a motion to dismiss invoking two grounds for relief. (ECF 37.) First, they move to dismiss the action under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction because they contend that Coates has not adequately pleaded complete diversity between the parties, as required by § 1332. Highly summarized, defendants argue that because Coates alleges that he still may be a member of Ashley Clinic Building, LLC, and because LLCs are deemed citizens of the states of their members, *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015), then if Coates is a member, Ashley Clinic Building, LLC is deemed a citizen of the same state as Coates himself (and Coates cannot be diverse from himself). Second, defendants move to dismiss Coates's claims pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim because they contend that all of the claims fail for various reasons.

Also that same day, defendants filed the current motion to stay all pretrial proceedings, including discovery, pending the court's ruling on the motion to dismiss. (ECF 39.) Defendants contend that the court should stay discovery because of their pending facial challenge to the court's subject-matter jurisdiction. Coates has filed a cross-motion to stay all discovery, except for

discovery applicable to his membership interest in Ashley Clinic Building, LLC. He asserts such limited discovery will help resolve the issue of the court's diversity jurisdiction.

**II.     ANALYSIS**

The decision to stay proceedings lies within the court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1977). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Generally, the right to proceed should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). As a result, courts in this district generally do not stay discovery simply because a dispositive motion is pending. However, a stay may be appropriate if (1) the case is likely to be concluded via the dispositive motion, (2) the facts sought through discovery would not affect resolution of the dispositive motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 2351046, at *2 (D. Kan. June 9, 2021). When the dispositive motion raises a jurisdictional challenge, a stay of discovery also may be appropriate. *See Diaz v. Paul J. Kennedy L. Firm*, 289 F.3d 671, 674 (10th Cir. 2002); *Driver v. Balfour Beatty Communities*, No. CIV-20-55-D, 2020 WL 12787414, at *1 (W.D. Okla. Aug. 21, 2020).

Here, the court finds that a stay is warranted while defendants' motion to dismiss is pending. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The court has an independent obligation to satisfy itself that subject-matter jurisdiction exists. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And the court "must dismiss

the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted). Thus, the court has no authority to proceed in this case unless and until it resolves defendants' motion to dismiss based on their Rule 12(b)(1) jurisdictional challenge. Additionally, resolution of defendants' Rule 12(b)(6) challenges to individual claims could conclude, or at least narrow, the case. As such, the court agrees with the parties that a stay of discovery into all issues raised by the complaint would be wasteful and burdensome at this time.

The court turns then to Coates's cross-motion for limited, expedited discovery into the issue of his status as a member of Ashley Clinic Building, LLC, which he says will clarify whether diversity jurisdiction exists. "A district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, yet such discovery is discretionary." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1250 (D. Colo. 2021); *see also Dental Dynamics, LLC v. Jolly Dental Grp., LLC,* 946 F.3d 1223, 1233 (10th Cir. 2020) ("District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues." (internal quotations and citations omitted)); *Foremost Signature Ins. Co. v. Am. Emergency Response & Recovery Co., LLC,* No. 20-CV-00299-PAB, 2020 WL 3469699, at *2 (D. Colo. June 25, 2020) ("As to plaintiff's request for jurisdictional discovery, while a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary.").[1] Only when the denial of such jurisdictional

---

[1] Coates cites *Budde v.Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975), to support the proposition that "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." (ECF 48, at 2.) But *Budde* involved discovery into personal jurisdiction, not threshold diversity jurisdiction, and,

discovery would prejudice the movant does the court abuse its discretion in denying the request. *See Dental Dynamics*, 946 F.3d. at 1233. "[T]he burden of demonstrating a legal entitlement to [diversity-based] jurisdictional discovery—and the related prejudice flowing from the discovery's denial—[is] on the party seeking the discovery." *Foremost Signature*, 2020 WL 3469699, at *2.

Courts typically exercise their discretion to deny discovery on diversity jurisdiction, holding that the party invoking the court's jurisdiction must have a basis for so doing prior to filing suit. *See, e.g., Guzman v. Well Health Labs LLC,* No. 22-2229-JWB-RES, 2022 WL 17830765, at *2 (D. Kan. July 22, 2022) ("In essence, Plaintiff asks the Court to order expedited discovery to help Plaintiff meet his threshold burden of establishing that the Court has subject matter jurisdiction over this action. The Court denies this request."); *LS Carlson L., PC v. Shain*, No. 22-2070-JWL, 2022 WL 1471368, at *2–*3 (D. Kan. May 10, 2022) ("This Court will not, in its discretion, allow the invoking party to utilize the Court's power to order discovery as a tool to fish for that solid factual basis."); *Foremost Signature*, 2020 WL 3469699, at *2 ("[T]he Court will decline defendant's request for jurisdictional discovery [because g]ranting such a request would undermine the well-established rule that '[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter.'" (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)); *Woodward, Inc. v. ZHRO Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 4697324, at *2 (D. Colo. June 26, 2018) (denying request for discovery into party's citizenship because "[p]ermitting such discovery at the outset of a case would undermine the well-established rule that the party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter"); *Nancy P. Assad Tr. v. Berry Petroleum Co.,* No. 13-CV-00544-

---

in any event, went on to state that the court "is vested with broad discretion and should not be reversed unless discretion is abused." *Budde*, 511 F.2d at 1035.

PAB, 2013 WL 1151912, at *3 (D. Colo. Mar. 20, 2013) (holding that granting a plaintiff jurisdictional discovery when plaintiff failed to allege the citizenship of defendants' LLC members "would undermine the well-established rule that the party invoking federal jurisdiction bears the burden of establishing such jurisdiction"); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[S]hould the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request, as granting the request would allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors."). The court finds this reasoning persuasive. Like the court in *Guzman,* "[t]he Court will not grant leave for a jurisdictional fishing expedition in which Plaintiff hopes to locate information that should have been included on the face of Plaintiff's Complaint." 2022 WL 17830765, at *5. The single case Coates identified in which the court allowed early discovery on diversity jurisdiction is distinguishable in that the party bringing the motion therein was the *defendant*, who was *challenging* diversity jurisdiction and did not have the burden to properly invoke the court's jurisdiction in the first place. *See Dougherty Funding, LLC v. Gateway Ethanol, LLC*, No. 08-CV-2213-JWL, 2008 WL 2354965, at *1 (D. Kan. June 5, 2008).[2]

The court finds that Coates has not established he is legally entitled to jurisdictional discovery because he has not demonstrated that he will be prejudiced if the court stays such discovery pending a resolution of defendants' motion to dismiss. The motion makes a "facial attack" based on the allegations pleaded in Coates's Third Amended Complaint. (ECF 40, at 3.) A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) takes one of two

---

[2] In addition, the motion for discovery in *Dougherty* was unopposed and the court noted that such motions are typically granted under the court's local rules. 2008 WL 2354965, at *1.

forms: (1) a facial challenge to the sufficiency of a complaint's allegations as to subject-matter jurisdiction or (2) a factual challenge asserting that the underlying facts do not support subject-matter jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). In reviewing this facial challenge, the presiding district judge "must accept the allegations in the complaint as true" and determine whether they establish diversity jurisdiction. *Id.* at 1002.

Here, Coates has not explained how discovery could help him defend against defendants' facial challenge to his complaint. It appears that he has pleaded the salient facts based on the information he has at this procedural juncture, and these factual allegations either are or are not sufficient to survive defendants' 12(b)(1) motion. The court does not profess to know how the district judge will resolve defendants' motion to dismiss, and does not envy the task at hand. The factual allegations in Coates's Third Amended Complaint that would bear on whether Coates is still a member of Ashley Clinic Building, LLC are not clear. But although defendants argue the court should dismiss the case because Coates's questionable membership in the LLC destroys complete diversity, they took the opposite position in their Rule 7.1 corporate disclosure statement by claiming Coates is *not* a member of the LLC. (ECF 18 (omitting Coates as a member).) Notably, Rule 7.1 was amended in 2022 to require a party to disclose the name and citizenship of "every individual or entity whose citizenship is attributed to that party"—a requirement that was "designed to facilitate an early and accurate determination of jurisdiction." Fed. R. Civ. P. 7.1 (committee notes to the 2022 amendments).

The court also recognizes that there is a line of authority suggesting that when the issue of subject-matter jurisdiction is intertwined with the merits of a claim in the case (which may be true as to the declaration sought in Count III of Coates's Third Amended Complaint) the court *might* have an obligation under *Holt* to convert a Rule 12(b)(1) motion into a Rule 12(b)(6) motion or a

Rule 56 summary judgment motion. *Compare Main Thirty-Nine Investors, LLC v. Denes*, No. 21-2246-JWL, 2021 WL 4709923, at *1 (D. Kan. Oct. 8, 2021) (converting a 12(b)(1) factual challenge to diversity jurisdiction to a motion for summary judgment), *with Boulder Falcon, LLC v. Brown*, No. 22-00042-JNP-JCB, 2022 WL 10337359, at *3 (D. Utah Sept. 29, 2022) (holding the rule requiring conversion does not apply to challenges to diversity jurisdiction). At this procedural juncture, however, the court has not converted defendants' motion to one requiring the submission of evidence or the resolution of factual disputes. Unless and until the court converts the motion, the court may resolve defendants' motion based solely on the allegations asserted in Coates's Third Amended Complaint and, construing them as true, determine whether Coates has sufficiently alleged subject-matter jurisdiction. So, as the motion is currently presented (i.e., as a facial attack), Coates has not demonstrated that jurisdictional discovery could impact its resolution.

Coates suggests that early discovery will help to "resolve[] the jurisdictional concerns raised by Defendants" based on Coates's potential membership in Ashley Clinic Building, LLC. (ECF 48, at 2.) Although this may be true, it is not decisive to the court's determination of whether to permit discovery into diversity jurisdiction. A similar situation was presented in *Meridian Line, LLC v. Source Substrates, LLC*, No. 17-CV-1040-WJM-KHR, 2017 WL 11631603 (D. Colo. Nov. 20, 2017). There, the plaintiffs filed a complaint in state court seeking a declaratory judgment, an accounting, and damages related to disputed ownership in an LLC plaintiff. The defendants removed the case to federal court, invoking jurisdiction under § 1332. Plaintiffs challenged the removal, arguing that one of the defendants was a member of the LLC plaintiff, thereby destroying complete diversity. Defendants moved for leave to conduct limited jurisdictional discovery into whether the defendant was or was not a member of the LLC. The court denied the motion. The court held that, "[w]hile it is possible that limited discovery or an evidentiary hearing might help

10

resolve the factual dispute regarding membership in [the LLC], [removing-]Defendants do not show why they should be permitted to pursue such discovery in this Court before its jurisdiction has been established, and nowhere show how denying jurisdictional discovery here would prejudice them in their ultimate defense of Plaintiffs' claims." *Id.* at *4.

As in *Meridian Line,* Coates has not demonstrated (or even addressed) his potential prejudice. Thus, Coates has not satisfied his burden of showing entitlement to conduct jurisdictional discovery. *See id.* at *3 ("With no showing of prejudice, [movants] have not discharged their burden of demonstrating a legal entitlement to jurisdictional discovery."); *Guzman*, 2022 WL 17830765, at *4 ("Plaintiff does not address whether he will suffer prejudice if the Court denies his discovery requests, which is Plaintiff's burden to establish."). Indeed, should the court grant defendants' pending motion to dismiss, Coates could bring his claims in state court, thereby alleviating any prejudice. *See Gwilt,* 537 F. Supp. 3d at 1250–51 ("Here, there is no evidence of prejudice because defendants may make these same arguments and seek to dismiss plaintiff's claims in state court."); *Nancy P. Assad Trust,* 2013 WL 1151912, at *3 (noting that "there is no indication that dismissing this case will prejudice plaintiff by depriving it of a forum in which to assert[ ] its claims"). Even Coates recognizes that he has this option. (ECF 44, at 3.)

## III.   CONCLUSION

A stay of discovery is not automatically warranted anytime a party disputes subject-matter jurisdiction. However, in this particular case, defendants' motion to dismiss raises legitimate questions about the court's jurisdiction and Coates has not shown that he would be prejudiced by a complete discovery stay pending resolution of defendants' facial challenge.

The court reiterates that to the extent Coates's cross-motion requests an expedited bench trial and resolution of Count III, the motion remains pending for decision by the presiding district judge. The court does not purport to forecast the outcome of the motion. Moreover, nothing in this order would prohibit the court from exercising its discretion to convert the motion to a factual attack on diversity and thus potentially open the doors to discovery. But the presiding district judge has not done so yet and therefore there is no need for discovery in order to resolve the motion as it currently stands.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF 39) is granted and Coates's Cross-Motion for Limited Stay and Expedited Proceedings on Count III (ECF 45) is denied in part and retained under advisement in part. Discovery is stayed pending a ruling on Defendants' Motion to Dismiss (ECF 37) or further order of the court.

**IT IS FURTHER ORDERED** that remaining deadlines set forth in the Scheduling Order (ECF 36) are vacated, and the court cancels the pretrial conference set for January 18, 2024. If any of Coates's claims survive the motion to dismiss, the parties must meet and confer and submit a proposed amended scheduling order via email to the undersigned's chambers within 14 days of the district judge's ruling on the motion to dismiss.

**IT IS SO ORDERED.**

Dated September 22, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
