IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT COATES, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY BUILDING CORPORATION, INC., et al.,<br><br>Defendants. | Case No. 2:23-cv-02142-HLT-ADM |

**MEMORANDUM AND ORDER**

Plaintiff Scott Coates was a member of two LLCs and a shareholder of a corporation. He resigned from one of the LLCs (Ashley Clinic, LLC) and now sues all three entities. He seeks a declaratory judgment under Kansas law about his status as a member of Ashley Clinic Building, LLC and as a stockholder of Ashley Building Corporation, Inc., plus other related relief. All Plaintiff's claims arise under state law, so he invokes this Court's diversity jurisdiction.

There is a threshold problem. Plaintiff is a Missouri citizen. An LLC has the citizenship of its members. Both Plaintiff and Ashley Clinic Building, LLC are thus citizens of Missouri if Plaintiff remains a member of Ashley Clinic Building, LLC. This situation would destroy diversity jurisdiction. Defendants move to dismiss the case on this basis. Doc. 37. Plaintiff moves for expedited proceedings on Count III, which seeks a declaration on Plaintiff's status as a member of Ashley Clinic Building, LLC. Doc. 45.

This presents an interesting jurisdictional question in which no party is willing to take an affirmative position. Plaintiff alleges that he <u>may</u> be a member of Ashley Clinic Building, LLC. Defendants' corporate documents suggest he is not. But neither side is willing to commit to a position because their jurisdictional positions are at odds with their merits positions. The Court

returns to the basics to solve the problem. A plaintiff who wants to invoke the jurisdiction of a federal court bears the burden to show that jurisdiction exists. Plaintiff fails to do so here. The Court thus grants Defendants' motion to dismiss and denies Plaintiff's request for expedited resolution of Count III.

## I. BACKGROUND

The facts pleaded by Plaintiff have changed over the course of the case. The relevant background for discerning whether Plaintiff has properly invoked this Court's jurisdiction relates to the ways Plaintiff has pleaded the citizenship of Ashley Clinic Building, LLC throughout the case. The Court briefly reviews various iterations of this LLC's citizenship and the events precipitating each change:

- March 30, 2023: Plaintiff filed his original complaint, alleging that he resides in Missouri and that on information and belief, all members of Ashley Clinic Building, LLC are residents of Kansas. Doc. 1.

- April 10, 2023: The magistrate judge issued an order to show cause why she should not recommend that the district court dismiss the case for lack of subject-matter jurisdiction because Plaintiff did not allege (1) his own domicile; (2) each LLC member's domicile; and (3) the state where Ashley Building Corporation, Inc.'s principal place of business is located. Doc. 4.

- April 12, 2023: Plaintiff filed a first amended complaint and responded to the show-cause order. He alleged that his own domicile is in Missouri, each LLC member resides in and is domiciled in Kansas, and Ashley Building Corporation, Inc.'s principal place of business is in Kansas. Doc. 8.

- April 13, 2023: The magistrate judge advised that she was satisfied that Plaintiff had pleaded that the parties were diverse. Doc. 9.

- May 10, 2023: Defendants moved to dismiss the first amended complaint. Docs. 15, 16.

- June 1, 2023: Plaintiff filed a second amended complaint with leave from the Court. Defendants did not object, and Plaintiff corrected factual allegations to reflect that his "status as a stockholder in Ashley Building Corporation, Inc. is unclear . . . ." He alleged that he "may still own" stock. Doc. 23. The second amended complaint did not modify the allegations about Ashley Clinic Building, LLC.

2

- June 15, 2023: Defendants moved to dismiss the second amended complaint. Docs. 25, 26.

- July 21, 2023: Plaintiff filed a third amended complaint with leave from the Court. Defendants did not oppose amendment. Doc. 32. The purpose of amendment was to add and clarify factual allegations related to Plaintiff's ownership in Defendants. Doc. 30. Plaintiff represented in his motion to amend that "[w]hat Plaintiff has come to understand from the information and documents received to date is that he is still an owner of the Ashley Clinic Building, LLC and the Ashley Building Corporation, Inc." *Id.* at 2.

- August 3, 2023: Defendants filed the motion to dismiss that is now before the Court. Docs. 37, 38. Defendants also moved to stay discovery. Docs. 39, 40.

- August 24, 2023: Plaintiff opposed Defendants' motion to stay and filed a cross-motion for a limited stay and to expedite proceedings on Count III. Docs. 44, 45.

- September 22, 2023: The magistrate judge granted Defendants' motion to stay and denied Plaintiff's motion in part and retained it under advisement in part. The magistrate judge left it to the undersigned judge to decide whether to expedite Count III. Doc. 51.

## II.     STANDARD

Defendants appear to present their motion as one under Rule 12(b)(6). Defendants seek dismissal of individual claims for failure to state a claim. But they also present one argument that impacts all claims: lack of diversity jurisdiction. Failure to establish subject-matter jurisdiction falls under Rule 12(b)(1). And the Court has an independent duty to ensure that subject-matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The Court therefore analyzes its jurisdiction under Rule 12(b)(1) standards.

A Rule 12(b)(1) motion presents either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). The Court presumes the veracity of the complaint's allegations when the motion to dismiss is a facial attack. *Id.* The challenge here is facial.

**III.   ANALYSIS**

Defendants ask the Court to dismiss Plaintiff's complaint for failure to allege facts showing that the Court has subject-matter jurisdiction. The Court agrees that Plaintiff fails to establish diversity jurisdiction and that dismissal is warranted.

It is axiomatic that federal courts are courts of limited jurisdiction. And there is a presumption against federal jurisdiction. *Penteco Corp. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff bears the burden of establishing subject-matter jurisdiction because he is the party invoking it. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). There are two primary avenues for subject-matter jurisdiction: federal question and diversity. *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff does not assert federal-question jurisdiction, and this Court discerns no federal law implicating its jurisdiction. Plaintiff thus bears the burden to establish diversity jurisdiction to remain in federal court.

Diversity jurisdiction requires diversity of citizenship among the parties and an amount in controversy over $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff alleges more than $75,000 in damages, which satisfies the amount in controversy component. But he fails to establish diversity of citizenship. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

The citizenship of an LLC is determined by the citizenship of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). There seems to be prolonged confusion about the citizenship of Ashley Clinic Building, LLC in this case.

Whether the parties are diverse depends on whether Plaintiff is a member of the LLC. If he is, then his own citizenship is imputed to the LLC, destroying diversity. The complaint that matters

4

for purposes of resolving this motion is the third amended complaint. Doc. 32. Plaintiff pleads that he is a citizen of Missouri. He pleads that "each reported Member of Defendant Ashley Clinic Building, LLC resides and is domiciled in Kansas." *Id.* at 3 (emphasis added). Plaintiff alleges that he "resigned his membership *only* in Ashley Clinic, LLC in August 2019." *Id.* at 4. He alleges that his "status as a Member of Ashley Clinic Building, LLC is unclear at this time as he has seen no record of the transfer, cancellation, or other disposition of his interest in the LLC." *Id.* And he alleges that he "owned and, on information and belief, still may own a Member interest in Ashley Clinic Building, LLC." *Id.* at 8.

Plaintiff seemingly admits that he does not know whether he remains a member of Ashley Clinic Building, LLC.[1] But Plaintiff is uniquely positioned to plead whether he is or not. He knows his own domicile and is pleading his own membership. This is not a situation in which a defendant is hiding his domicile or membership status. Rather, it is incumbent on Plaintiff to elect whether he believes he is a member (thereby destroying diversity jurisdiction in federal court) or he is not a member (as suggested by Defendant's Rule 7.1 disclosure[2]). *See* Doc. 18.

Plaintiff asks the Court to expedite resolution of the merits of Count III to determine whether he is or is not a member of Ashley Clinic Building, LLC. But this proposal is unworkable. If the Court gives Plaintiff the relief he wants and determines that Plaintiff is, in fact, still a member of Ashley Clinic Building, LLC, then the Court will lack jurisdiction to enter an order so-stating.

---

[1] Plaintiff alleged in his motion for leave to file the third amended complaint that "[w]hat Plaintiff has come to understand from the information and documents received to date is that he is still an owner of the Ashley Clinic Building, LLC and the Ashley Building Corporation, Inc." Doc. 30 at 2. This statement appears at odds with Plaintiff's less-certain representations in his actual third amended complaint.

[2] Defendants urge the Court to judicially estop Plaintiff from making allegations inconsistent with his prior complaints. But neither party addresses whether Defendants should be bound by their own representations of citizenship in their Rule 7.1 disclosure statement. The Court will not address whether the disclosure statement has a binding effect in the absence of argument by the parties. But Defendants should be cautious of arguing estoppel when their own representations are also seemingly inconsistent.

Plaintiff has not cited any authority suggesting the Court has the ability to carve out one claim and decide it when the potential outcome deprives the Court of jurisdiction to decide the claim at all.

Plaintiff cites cases allowing jurisdictional discovery. But this is not merely a matter of jurisdictional discovery.[3] Plaintiff seeks an expedited ruling on the merits of his claim. The Court is not inclined to grant the relief Plaintiff seeks, particularly when the Court has discretion whether to allow jurisdictional discovery and whether to impose a declaratory judgment as a remedy.[4] Doing so here perpetuates a mini-litigation on the threshold issue of diversity. The delayed progress of this case already demonstrates the impact. And allowing this preliminary round of mini-litigation ultimately may not advance the case at all. Moreover, Defendants are not challenging the underlying facts of citizenship. They challenge Plaintiff's method of pleading facts without committing to them. Discovery is not appropriate for facial challenges.

Resolution of Defendants' motion is a matter of burden. It is Plaintiff's burden to show jurisdiction. Plaintiff has not made an affirmative assertion of fact establishing diversity jurisdiction. He uses vague terminology like "the reported members" are citizens of Kansas, his own membership is "unclear at this time," and he "still may own" a member interest. These

---

[3] The Court would deny Plaintiff's request even if it was purely a matter of jurisdictional discovery. The Court finds persuasive cases such as *LS Carlson Law, PC v. Shain*, 2022 WL 1471368, at *2 (D. Kan. 2022), and *Guzman v. Well Health Labs LLC*, 2022 WL 17830765 (D. Kan. 2022). The Court also finds the magistrate judge's prior order staying discovery in this case persuasive on the matter of jurisdictional discovery. *Coates v. Ashley Bldg. Corp., Inc.*, 2023 WL 6199732, at *1 (D. Kan. 2023). Plaintiff has not demonstrated he would suffer prejudice without jurisdictional discovery. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (requiring a showing of prejudice for discovery on personal jurisdiction).

[4] Plaintiff brings Count III under the Kansas declaratory judgment act instead of the federal Declaratory Judgment Act. But federal courts asked to provide declaratory relief utilize the federal Declaratory Judgment Act to do so. *See Burnham v. Humphery Hosp. Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citation omitted) (holding that federal law controls procedural issues in diversity cases); *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (citations omitted) (holding that the Declaratory Judgment Act provides procedural remedies, not substantive rights). *But cf. Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1327 n.5 (10th Cir. 2022) (declining to decide whether the state or federal declaratory-judgment statute applied). The Court thus retains discretion whether to enter a declaratory judgment. *See* 28 U.S.C. § 2201 (providing that a federal court may declare rights); *see also U. S. Fid. & Guar. Co. v. Cont'l Ins. Co.*, 531 P.2d 9, 13 (Kan. 1975) (applying Kansas law).

non-committal statements are insufficient to assure this Court of its jurisdiction. Plaintiff fails to meet his burden and the Court grants Defendants' motion to dismiss without prejudice. Plaintiff's motion to expedite Count III is denied.

## IV.     CONCLUSION

Plaintiff has not established that this case belongs in federal court. It seems that state court is a forum that remains available to resolve at least the predicate issue. But if Plaintiff wants to pursue his claims in federal court, he needs to take an affirmative position that establishes federal diversity jurisdiction. And in doing so, Plaintiff must have a good faith basis for stating whether he is or is not a member of Ashley Clinic Building, LLC and suffer the consequences of that decision. Stated differently, he can't use one alternative to establish jurisdiction and the other as the grounds for his relief. Alternative pleading is generally permitted. Fed. R. Civ. P. 8(d)(2). But the Court declines to allow it here, where neither option is clearly elected and one option deprives this Court of jurisdiction.

THE COURT THEREFORE ORDERS that Plaintiff's motion to expedite Count III (Doc. 45) is DENIED.

THE COURT FURTHER ORDERS that Defendants' motion to dismiss (Doc. 37) is GRANTED. Plaintiff's claims are dismissed without prejudice for lack of jurisdiction. The case is closed.

IT IS SO ORDERED.

Dated: October 23, 2023                    /s/ *Holly L. Teeter*
                                            HOLLY L. TEETER
                                            UNITED STATES DISTRICT JUDGE

7